[No. 13774. Department One. · April 13, 1917.]

DOROTHY SNYDER, *Appellant,* v. JOHN SNYDER, *Respondent.*[1]

DIVORCE—NONSUPPORT — EVIDENCE — SUFFICIENCY. A wife is entitled to a divorce for nonsupport where it appears that the husband left her, enlisting in the army, and failed to provide anything. for her support, leaving her and her baby to rely upon charity.

Appeal from a judgment of the superior court for King county, Clifford, J., entered July 27, 1916, upon findings in favor of the defendant, in an action for divorce, tried to the court. Reversed.

*Howard O. Durk,* for appellant.

CHADWICK, J.—Action for divorce on the grounds of non-support and neglect. The parties were married at North Yakima in August, 1914. Respondent worked at "odd jobs" for three weeks .in North Yakima, and then borrowed money with which to take himself and wife to the home of his parents in Seattle. One child was born as the fruit of their union.

The record shows that, during the time intervening between November, 1914, and May, 1915, respondent had but two months of steady employment, and that during that time he contributed nothing to the support of his wife. In May,

¹Reported in 164 Pac. 209.

1915, he went to Portland, Oregon, promising to send her money. From Portland he went to San Francisco, and thence to Fort Rosecrans, where he joined the United States Army for a period of enlistment expiring in 1918. He was transferred from Fort Rosecrans to Fort Worden, Washington, in March, 1916. During his absence, the extent of his contributions to the maintenance of his wife and baby seems to have consisted of two money orders of fifty cents each. Appellant, since her marriage, has had to rely on the charity and kindness of relatives for that support which her husband has denied her.

It is unnecessary to further detail "the short and simple annals" of this unhappy pair. We find the charge of nonsupport to be unquestionably sustained.

"Divorces may be granted by the superior court on application of the party injured, for the following causes:

"(6)  .  .  .  or the neglect or refusal of the husband to make suitable provisions for his family." Rem. Code, § 982.

Reversed and remanded with directions to grant the prayer of appellant's complaint.

ELLIS, C. J., MAIN, and WEBSTER, JJ., concur.